[Cite as *State v. Blair*, 2012-Ohio-1112.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| SCOTT A. BLAIR | : | Case No. 11CAA070069 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 11CRI030150



JUDGMENT:                         Affirmed



DATE OF JUDGMENT                  March 12, 2012



APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

ERIC C. PENKAL                         JEFFREY P. UHRICH
140 North Sandusky Street              P.O. Box 1977
3rd Floor                              Westerville, OH  43086
Delaware, OH  43015

*Farmer, J.*

{¶1}   On March 18, 2011, the Delaware County Grand Jury indicted appellant, Scott Blair, on two counts of sexual battery in violation of R.C. 2907.03.

{¶2}   On May 18, 2011, appellant filed a suggestion of incompetency.   A competency evaluation was conducted and a hearing was held on June 29, 2011.   By judgment entry filed June 30, 2011, the trial court found appellant to be incompetent and restorable, and ordered him to be committed to the Twin Valley Behavioral Center for restoration.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignment of error is as follows:

I

{¶4}   "THE TRIAL [COURT] ERRED WHEN IT CONCLUDED THAT, PURSUANT TO R.C. 2945.38(F), THAT THERE WAS SUFFICIENT EVIDENCE CONTAINED IN THE FORENSIC EXAMINER'S REPORT TO SUPPORT A FINDING THAT THERE WAS A 'SUBSTANTIAL PROBABILITY' THAT DEFENDANT/APPELLANT WILL BECOME COMPETENT WITH A COURSE OF TREATMENT."

I

{¶5}   Appellant claims the trial court erred in determining there was sufficient evidence to find a substantial probability that he would become competent within one year with a course of treatment.   We disagree.

{¶6}   R.C. 2945.38(B)(1)(a) states the following:

{¶7} "If, after taking into consideration all relevant reports, information, and other evidence, the court finds that the defendant is incompetent to stand trial and that there is a substantial probability that the defendant will become competent to stand trial within one year if the defendant is provided with a course of treatment, the court shall order the defendant to undergo treatment.  If the defendant has been charged with a felony offense and if, after taking into consideration all relevant reports, information, and other evidence, the court finds that the defendant is incompetent to stand trial, but the court is unable at that time to determine whether there is a substantial probability that the defendant will become competent to stand trial within one year if the defendant is provided with a course of treatment, the court shall order continuing evaluation and treatment of the defendant for a period not to exceed four months to determine whether there is a substantial probability that the defendant will become competent to stand trial within one year if the defendant is provided with a course of treatment."

{¶8} Appellant argues the report of Jane Speicher-Bocija, Ph.D did not include in its forensic conclusion a finding that there was a "substantial probability" that he will become competent to stand trial within one year if he is provided with a course of treatment.  Appellant argues Dr. Speicher-Bocija's conclusion that it is "likely good" that he could be restored to competency within the time frame required by law is not legally sufficient to justify the trial court's decision.

{¶9} Throughout her report, Dr. Speicher-Bocija makes references to appellant's ability to historically relate facts correctly, his ability to respond appropriately to interview questions, and his logical and linear thinking.  (Sealed Exhibit 1).

{¶10}  As the cited statute indicates, it is the trial court's decision as to restoration to competency given "any relevant reports, information, and other evidence."  The trial court acknowledged Dr. Speicher-Bocija's failure to use the "magic words" of "substantial probability," but found the report sufficiently related to "substantial probability:

{¶11}  "All right.  Based on that report, the Court would find Mr. Blair is not presently seriously mentally ill, that he does not understand the nature and the objective of the proceedings against him, at present he cannot assist in his own defense.

{¶12}  "However, although the report says a likelihood of restoring to competency, the statute says substantial probability - - great likelihood with a substantial probability that he could become competent to stand trial within one year if he was provided with a course of treatment.  Therefore, the Court orders Mr. Blair to undergo treatment to restore his competency for a period of six months in that the most serious offense here is a sexual battery, felony of the third degree."

{¶13}  Upon review, we find this reasoning is supported from the references in the report to appellant's cognitive skills.  The trial court did not err in its decision.

{¶14}  The sole assignment of error is denied.

{¶15}  The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Hoffman, J. concur.


                                          s/ Sheila G. Farmer_____


                                          s/ Patricia A. Delaney_____


                                           s/ William B. Hoffman_____

                                                     JUDGES


SGF/sg 228

[Cite as *State v. Blair*, 2012-Ohio-1112.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT


STATE OF OHIO                     :

                                  :

     Plaintiff-Appellee          :

                                  :

-vs-                          :              JUDGMENT ENTRY

                                  :

SCOTT A. BLAIR                :

                                  :

     Defendant-Appellant     :           CASE NO. 11CAA070069


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed. Costs to appellant.


s/ Sheila G. Farmer_____


s/ Patricia A. Delaney_____


_s/ William B. Hoffman_____

JUDGES